COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-06-380-CR

        2-06-381-CR

MITCHELL ALAN KERR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mitchell Alan Kerr attempts to appeal convictions for forgery and possession of a controlled substance.  Pursuant to a plea bargain agreement, Appellant was sentenced to three years’ confinement in the forgery case and one hundred eighty days’ confinement in the possession case, with the sentences to run concurrently.  The trial court’s certifications recite that each case is a plea bargain case and the defendant has no right of appeal, and that the defendant waived his right to appeal.  
See
 
Tex. R. App. P.
 25.2(a)(2).
(footnote: 2) The certifications were signed by Appellant and his attorney, who both also signed a plea bargain agreement in each case specifying that Appellant was pleading guilty pursuant to a plea bargain agreement.  The trial court admonished Appellant in writing in each case that if the plea bargain was followed by the court, Appellant could not appeal without the trial court’s permission, except for matters raised by written motions filed prior to trial; Appellant and his attorney signed these documents.  Lastly, Appellant signed a “Waiver of Appeal” in each case specifically stating, “I hereby, with the consent and approval of my attorney, in person, in writing, and in open court waive the right to any appeal in this case and state that I do not desire to appeal.”   

Appellant subsequently filed a pro se notice of appeal in each case.  We 
notified the pro se Appellant and his attorney that Appellant’s appeals were subject to dismissal based on the trial court’s certifications unless Appellant filed a response showing grounds for continuing the appeal.  
See 
Tex. R. App. P
. 25.2(d), 44.3.  Although Appellant filed a pro se response, it does not show grounds for continuing the appeals.  The response filed by Appellant’s attorney acknowledges that the cases were disposed of pursuant to a plea bargain agreement, Appellant waived his right to appeal in each case, there were no pretrial motions filed, Appellant has not obtained the trial court’s permission to appeal, and counsel is unaware of any issues of jurisdiction or unauthorized sentences that might be applicable in these appeals.  Accordingly, we dismiss these two appeals.  
See
 
Tex. R. App. P.
 43.2(f).

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  December 14, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
This rule provides that the trial court shall enter a certification of a defendant’s right of appeal in every case in which it enters a judgment of guilt or other appealable order.